# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kevin Brooks, a/k/a Ralph Kevin Clark,

Petitioner

v.

Brian Williams, et al.,

Respondents

Case No.: 2:19-cv-02162-JAD-DJA

**Order Dismissing Successive Petition and Denying Motion for Appointment of Counsel**

[ECF Nos. 1, 2]

*Pro se* Petitioner Kevin Brooks brings this petition for writ of habeas corpus under 28 U.S.C. § 2254[1] and moves for appointment of counsel.[2] Having conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I find that the petition is successive, I dismiss this case for lack of jurisdiction, and deny Brooks's motion.

## Discussion

The habeas petition in this action clearly is successive on its face. Brooks challenges a 1991 conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada.[3] Brooks has previously filed at least 10 habeas actions in the District of Nevada challenging the same conviction.[4] After the court reached the merits of Brooks's first habeas

---

[1] ECF No. 1.

[2] ECF No. 2.

[3] *State of Nevada v. Brooks*, Case No. C-93713.

[4] Case Nos. 3:97-cv-0457-ECR-PHA (dismissed with prejudice in August 1998 as Petitioner's claims were procedurally defaulted and he failed to show that either cause and prejudice existed to excuse the procedural default, or that a fundamental miscarriage of justice would result if his procedural default was not excused); 3:01-cv-0236-DWH-VPC; 3:04-cv-0171-HDM-VPC; 3:05-cv-0054-ECR-RAM; 3:06-cv-0458-JCM-RAM; 3:07-cv-0394-ECR-VPC; 3:11-cv-0162-ECR-VPC; 3:12-cv-0497-RCJ-WGC; 3:14-cv-0223-MMD-VPC; 2:19-cv-1719-APG-EJY.

petition, his later filed actions were dismissed as untimely, successive, or improperly commenced. The Court of Appeals, too, has denied numerous applications by Brooks seeking permission to pursue a second or successive petition or requesting a certificate of appealability as to dismissals of his successive petitions in this district.[5]

Because Brooks's first federal petition was decided on its merits, he attacks the same judgment of conviction, and the claims that Brooks raises here are based on facts that had occurred by the time of the prior petition, the petition he filed in this action is second or successive.[6] Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in a federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission.[7] Brooks does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, and the records of the Court of Appeals do not reflect that he has sought to obtain any such authorization. Brooks's second or successive petition must therefore be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED that:**

1. This action [ECF No. 1] is **DISMISSED** for lack of jurisdiction.

2. Petitioner Kevin Brooks's Motion for Appointment of Counsel **[ECF No. 2] is DENIED**.

---

[5] Case Nos. 01-71340; 04-16534; 04-76420; 05-16740; 06-74643; 08-16062; 10-73166; 11-16128; 12-17551; 14-16028.

[6] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition.").

[7] *Brown*, 889 F.3d at 667.

2

3. Petitioner is **DENIED a certificate of appealability** because jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

4. The Clerk of Court is directed under Rule 4 of the Rules Governing Section 2254 Cases to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

5. **The Clerk of Court is directed to ENTER FINAL JUDGMENT accordingly and CLOSE this case.**

Dated: December 23, 2019.

_____
U.S. District Judge Jennifer A. Dorsey